UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION—DETROIT

| | | |
|---|---|---|
| POWERHOUSE MARKS, LLC, | ) | Civil Action No. 16-13863 |
| a Michigan limited liability company, | ) | |
| and POWERHOUSE LICENSING, LLC, | ) | Honorable |
| a Michigan limited liability company, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | **AND** |
| POWERHOUSE NUTRITION, LLC | ) | **JURY DEMAND** |
| a Texas limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

NOW COME Plaintiffs Powerhouse Marks, LLC (hereafter "Powerhouse Marks") and Powerhouse Licensing, LLC (hereafter "Powerhouse Licensing") (collectively "Plaintiffs") by and through their undersigned attorneys, and for their Complaint against Defendant Powerhouse Nutrition, LLC (hereafter "Powerhouse Nutrition") state as follows:

## JURISDICTION AND VENUE

1.     This is an action for trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. §1114; unfair competition, false designation of origin, false representation, and false advertising in violation of Section 43(a) of

1

the Lanham Act, 15 U.S.C. §1125; trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125; trademark infringement and unfair competition under the Michigan Common Law.

2.      This Court has jurisdiction under 15 U.S.C. §§1119 and 1121; 28 U.S.C. §§1331, 1332(a), 1338, and 1367.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and 1391(c).

## **PARTIES**

4.      Plaintiff Powerhouse Marks is a Michigan limited liability company with its principal place of business located at  44125 West 12 Mile Road, Suite E118, City of Novi, County of Oakland, State of Michigan 48377.

5.      Plaintiff Powerhouse Licensing is a Michigan limited liability company with its principal place of business located at  44125 West 12 Mile Road, Suite E118, City of Novi, County of Oakland, State of Michigan 48377.

6.      Defendant Powerhouse Nutrition, is, upon information and belief, a Texas limited liability company having a principal place of business at 5217 82nd Street, Unit 103, City of Lubbock, County of Lubbock, State of Texas 79424.

## **BACKGROUND FACTS**

7.     Powerhouse Marks owns several trademark registrations, including, but not limited to, POWERHOUSE NUTRITION, POWERHOUSE, and POWERHOUSE GYM (collectively "The POWERHOUSE marks"). Powerhouse Marks has entered into a master licensing agreement with Powerhouse Licensing to license the POWERHOUSE marks to third parties.  Powerhouse Licensing licenses the POWERHOUSE marks for use through various licensed entities. The licensed entities use the POWERHOUSE marks in connection with, *inter alia*, dietary supplements; nutritional supplements; nutritionally fortified water; snack bars; clothing and related products; athletic training attire; providing a website featuring information on exercise and fitness; and body building, and fitness and health facility services.

8.     By continuous and substantial use, advertising, marketing, and promotion of the POWERHOUSE marks to date, Plaintiffs have acquired value, name recognition, and goodwill in the POWERHOUSE marks.

9.     Powerhouse Marks is the owner of the POWERHOUSE NUTRITION mark registered on July 19, 2005, Registration No. 2,971,888, on the principal register in connection with: dietary supplements, nutritional supplements, and nutritionally fortified water in international class 5; and protein based, nutrient-dense snack bars in international class 29.

# POWERHOUSE NUTRITION

A copy of the registration is attached to this Complaint as Exhibit A and is incorporated by reference.

10.     The POWERHOUSE NUTRITION registration, a copy of which is attached as Exhibit A, has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

11.     Plaintiffs have been using the POWERHOUSE NUTRITION mark in connection with, *inter alia*, dietary supplements, nutritional supplements, nutritionally fortified water, and protein based, nutrient-dense snack bars in commerce since at least 2003.

12.     Powerhouse Marks is the owner of the POWERHOUSE mark registered on September 4, 2012, Registration No. 4,201,589, on the principal register in connection with: nutritional and dietary supplements in international class 5.

# POWERHOUSE

A copy of the registration is attached to this Complaint as Exhibit B and is incorporated by reference.

13.    Plaintiffs have been using the POWERHOUSE marks in connection with, *inter alia*, nutritional and dietary supplements in commerce since at least 1994.

14.    Powerhouse Marks is the owner of the POWERHOUSE mark registered on June 21, 1994, Registration No. 1,840,536, on the principal register in connection with: publications; namely, health and fitness magazines in international class 16; clothing and related products and accessories, namely, shirts, pants, sweat suits, shorts, leotards, gloves, tank tops, and sweat bands in international class 25; and body building, fitness and health facility services in international class 41.

# POWERHOUSE

A copy of the registration is attached to this Complaint as Exhibit C and is incorporated by reference.

15.    The POWERHOUSE registration, a copy of which is attached as Exhibit C, has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

16.    Plaintiffs have been using the POWERHOUSE mark in connection with body building and fitness and health facility services in commerce since at least 1977; and in connection with clothing and related products and accessories,

5

namely, shirts, pants, sweat suits, shorts, leotards, gloves, tank tops, and sweat bands in commerce since at least 1979.

17.    Powerhouse Marks is the owner of the POWERHOUSE GYM mark registered on October 25, 1983, Registration No. 1,255,385, on the principal register in connection with: athletic training attire—namely, t-shirts, sweatshirts, tank tops, warm up suits, jogging suits, shorts, and caps in international class 25.



A copy of the registration is attached to this Complaint as Exhibit D and is incorporated by reference.

18.    The POWERHOUSE GYM registration, a copy of which is attached as Exhibit D, has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

19.    Plaintiffs have been using the POWERHOUSE GYM mark in connection with, *inter alia*, athletic training attire—namely, t-shirts, sweatshirts, tank tops, warm up suits, jogging suits, shorts, and caps in commerce since at least 1979.

20.    Powerhouse Marks is the owner of the POWERHOUSE GYM mark registered on May 21, 1985, Registration No. 1,337,259, on the principal register in connection with: body building services in international class 41.



A copy of the registration is attached to this Complaint as Exhibit E and is incorporated by reference.

21.    The POWERHOUSE GYM registration, a copy of which is attached as Exhibit E, has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

22.    Plaintiffs have been using the POWERHOUSE GYM mark in connection with, *inter alia*, body building services in commerce since at least 1977.

23.    Powerhouse Marks is the owner of the POWERHOUSE mark registered on August 27, 2013, Registration No. 4,391,669, on the principal register in connection with: providing a website featuring information on exercise and fitness in international class 41.

# POWERHOUSE

A copy of the registration is attached to this Complaint as Exhibit F and is incorporated by reference.

24.    Plaintiffs have been using the POWERHOUSE mark in connection with, *inter alia*, providing a website featuring information on exercise and fitness in commerce since at least 1999.

25.    Powerhouse Marks is the owner of the LOGO mark registered on June 28, 1994, Registration No. 1,841,902, on the principal register in connection with: clothing and related products and accessories; namely, shirts, pants, sweat suits, shorts, leotards, gloves, tank tops and sweat bands in international class 25; and body building, fitness and health facility services in international class 41.



A copy of the registration is attached to this Complaint as Exhibit G and is incorporated by reference.

26.    The LOGO registration, a copy of which is attached as Exhibit G, has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

27.     Plaintiffs have been using the LOGO mark in connection with, *inter alia*, clothing and related products and accessories; namely, shirts, pants, sweat suits, shorts, leotards, gloves, tank tops and sweat bands in commerce since at least 1979; and in connection with body building, fitness and health facility services in commerce since at least 1977.

28.     Powerhouse Marks is the owner of the POWERHOUSE mark registered on July 19, 2005, Registration No. 2,971,891, on the principal register in connection with: dietary supplements, nutritional supplements, and nutritionally fortified water in international class 5; protein based, nutrient-dense snack bars in international class 29, and drinking water in international class 32.



A copy of the registration is attached to this Complaint as Exhibit H and is incorporated by reference.

29.     The POWERHOUSE registration, a copy of which is attached as Exhibit H, has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

30.    Plaintiffs have been using the POWERHOUSE mark in connection with, *inter alia*, dietary supplements, nutritional supplements, nutritionally fortified water, and protein based, nutrient-dense snack bars in commerce since at least 2003; and with drinking water in commerce since at least 2004.

31.    By continuous and substantial advertising, use and promotion of the POWERHOUSE marks to date, Plaintiffs have acquired value, name recognition, and good will in the POWERHOUSE marks.

32.    Defendant Powerhouse Nutrition sells nutritional and dietary supplement and clothing products via a brick-and-mortar store, and via telephone orders that may be shipped across the U.S. including shipping to the Eastern District of Michigan.

33.    Defendant Powerhouse Nutrition sells nutritional and dietary supplement products via their fully interactive website (http://powerhousenutritionlubbock.com/shop), with shipping available across the U.S., including shipping to the Eastern District of Michigan.  A screenshot from the Powerhouse Nutrition website showing use of the words POWERHOUSE NUTRITION in connection with the sale of nutritional and dietary supplement products is attached as Exhibit I and incorporated by reference.  Further, a screenshot from the Powerhouse Nutrition website demonstrating shipping of

nutritional and dietary supplement products to the State of Michigan is attached as Exhibit J and incorporated by reference.

34.     Plaintiffs have licensees who operate three gym facilities in the same state as Defendant's brick-and-mortar store; the three gym facilities of Plaintiffs use the POWERHOUSE marks as set forth in this Complaint, and the oldest of the three opened its doors in January of 2005.

35.     Powerhouse Nutrition, without authorization from Plaintiffs, has been using the words POWERHOUSE and POWERHOUSE NUTRITION in commerce, including use in Michigan and elsewhere for marketing, promoting, and selling its products.

36.     Powerhouse Nutrition uses the words POWERHOUSE NUTRITION on its brick-and-mortar storefront in Lubbock, Texas.  Powerhouse Nutrition also advertises on Instagram (http://www.instagram.com/powerhousenutritionlbk) that they have their own product line and "have all the rights to this new exclusive brand." An Instagram post showing an image of the Powerhouse Nutrition storefront signage with claims of their "exclusive brand" is attached as Exhibit K and incorporated by reference.

37.     Powerhouse Nutrition uses the words POWERHOUSE NUTRITION on its website to promote its fitness services, meal plans, supplement recommendations, and nutritional supplement and protein product sales.

Screenshots from the Powerhouse Nutrition website (http://
http://powerhousenutritionlubbock.com) showing this use of the words
POWERHOUSE NUTRITION are attached as Exhibit L and incorporated by
reference.

38.    Powerhouse Nutrition sells dietary supplements, nutritional
supplements, drinking water bottles for water and supplements, nutritionally
fortified water, and protein based, nutrient-dense snack bars.  Excerpts from the
Powerhouse Nutrition website and the Powerhouse Nutrition Instagram account
showing images of these products offered for sale and sold by Powerhouse
Nutrition are attached as Exhibit M and incorporated by reference.

39.    Powerhouse Nutrition provides fitness coaching services using both
the words POWERHOUSE NUTRITION and the word POWERHOUSE.   A
screenshot from the Powerhouse Nutrition website showing the advertising of
these services in conjunction with the use of the POWERHOUSE NUTRITION
and POWERHOUSE words is attached as Exhibit N and incorporated by
reference.

40.    Powerhouse Nutrition uses a stylized font, arching the word
POWERHOUSE similarly to at least some of the POWERHOUSE marks used
and owned by Plaintiffs (e.g., U.S. Trademark Registration Nos. 1,255,385;
1,337,259; and 2,971,891).   Powerhouse Nutrition also uses an image of a

muscleman that is similar to the muscleman depicted in some of the POWERHOUSE marks used and owned by Plaintiffs (e.g., U.S. Trademark Registration Nos. 1,255,385; 1,841,902; and 2,971,891). An example of this usage obtained from the Powerhouse Nutrition Instagram account is attached as Exhibit O and incorporated by reference.

41.     Powerhouse Nutrition uses the words POWERHOUSE NUTRITION on athletic attire such as shirts, tank tops, and sweatshirts that Powerhouse Nutrition offers for sale and sells. Powerhouse Nutrition uses a barbell and a stylized font that arches the word POWERHOUSE as depicted in some of the POWERHOUSE marks used and owned by Plaintiffs (e.g., U.S. Trademark Registration Nos. 1,255,385; 1,337,259; and 2,971,891). Images of the athletic attire obtained from the Powerhouse Nutrition Instagram account are attached as Exhibit P and incorporated by reference. A screenshot from the Powerhouse Nutrition website showing the offer of sale and availability of purchase of tank tops, hoodies, and t-shirts featuring the words POWERHOUSE NUTRITION is attached as Exhibit Q and incorporated by reference.

42.     Powerhouse Nutrition uses the words POWERHOUSE NUTRITION with and/or near profane language, thereby tarnishing the POWERHOUSE NUTRITION mark used and owned by Plaintiffs. Examples of Defendant's usage

were obtained from the Powerhouse Nutrition Instagram account and are attached as Exhibit R and incorporated by reference.

43.    Powerhouse Nutrition's use of the words POWERHOUSE and POWERHOUSE NUTRITION has caused, is continuing to cause, and is likely to cause confusion in the marketplace.

## COUNT I

### Federal Trademark Infringement
### Under Section 32(a) Of The Lanham Act, 15 U.S.C. §1114(a)

44.    Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45.    Defendant Powerhouse Nutrition is using and has used POWERHOUSE NUTRITION, which is the subject of United States Trademark Registration No. 2,971,888, in interstate commerce without the consent of Plaintiffs.

46.    Defendant Powerhouse Nutrition's use of POWERHOUSE NUTRITION is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of Defendant Powerhouse Nutrition's goods or as to Defendant Powerhouse Nutrition's affiliation, connection, approval, or association with Plaintiffs.

47.    Defendant Powerhouse Nutrition's actions constitute trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. §1114(a).

48.    Defendant Powerhouse Nutrition's trademark infringement has caused and will continue to cause Plaintiffs to suffer damage to their businesses, reputations, goodwill, profits, and the strength of their trademarks, and is causing ongoing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

49.    Upon information and belief, Defendant Powerhouse Nutrition's infringement of Plaintiffs' Trademark No. 2,971,888 is willful and deliberate.

## COUNT II

### Federal Trademark Infringement
### Under Section 32(a) Of The Lanham Act, 15 U.S.C. §1114(a)

50.    Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51.    Defendant Powerhouse Nutrition is using and has used POWERHOUSE, which is the subject of United States Trademark Registration No. 4,201,589, in interstate commerce without the consent of Plaintiffs.

52.    Defendant Powerhouse Nutrition's use of POWERHOUSE is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of Defendant Powerhouse Nutrition's goods or as to Defendant Powerhouse Nutrition's affiliation, connection, approval, or association with Plaintiffs.

53.    Defendant Powerhouse Nutrition's actions constitute trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. §1114(a).

54.     Defendant Powerhouse Nutrition's trademark infringement has caused and will continue to cause Plaintiffs to suffer damage to their businesses, reputations, goodwill, profits, and the strength of their trademarks, and is causing ongoing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

55.     Upon information and belief, Defendant Powerhouse Nutrition's infringement of Plaintiffs' Trademark No. 4,201,589 is willful and deliberate.

## COUNT III

### Federal Trademark Infringement
### Under Section 32(a) Of The Lanham Act, 15 U.S.C. §1114(a)

56.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 55 of this Complaint as if fully set forth herein.

57.     Defendant Powerhouse Nutrition is using and has used POWERHOUSE, which is the subject of United States Trademark Registration No. 1,840,536, in interstate commerce without the consent of Plaintiffs.

58.     Defendant Powerhouse Nutrition's use of POWERHOUSE is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of Defendant Powerhouse Nutrition's goods or as to Defendant Powerhouse Nutrition's affiliation, connection, approval, or association with Plaintiffs.

59.     Defendant Powerhouse Nutrition's actions constitute trademark infringement in violation of Section 32(a) of the Lanham Act, 15.U.S.C. §1114(a).

16

60.     Defendant Powerhouse Nutrition's trademark infringement has caused and will continue to cause Plaintiffs to suffer damage to their businesses, reputations, goodwill, profits, and the strength of their trademarks, and is causing ongoing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

61.     Upon information and belief, Defendant Powerhouse Nutrition's infringement of Plaintiffs' Trademark No. 1,840,536 is willful and deliberate.

## COUNT IV

### Federal Trademark Infringement
### Under Section 32(a) Of The Lanham Act, 15 U.S.C. §1114(a)

62.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 61 of this Complaint as if fully set forth herein.

63.     Defendant Powerhouse Nutrition is using and has used POWERHOUSE, which is the subject of United States Trademark Registration No. 1,255,385, in interstate commerce without the consent of Plaintiffs.

64.     Defendant Powerhouse Nutrition's use of POWERHOUSE is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of Defendant Powerhouse Nutrition's goods or as to Defendant Powerhouse Nutrition's affiliation, connection, approval, or association with Plaintiffs.

65.     Defendant Powerhouse Nutrition's actions constitute trademark infringement in violation of Section 32(a) of the Lanham Act, 15.U.S.C. §1114(a).

17

66.     Defendant Powerhouse Nutrition's trademark infringement has caused and will continue to cause Plaintiffs to suffer damage to their businesses, reputations, goodwill, profits, and the strength of their trademarks, and is causing ongoing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

67.     Upon information and belief, Defendant Powerhouse Nutrition's infringement of Plaintiffs' Trademark No. 1,255,385 is willful and deliberate.

## COUNT V

### Federal Trademark Infringement
### Under Section 32(a) Of The Lanham Act, 15 U.S.C. §1114(a)

68.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 67 of this Complaint as if fully set forth herein.

69.     Defendant Powerhouse Nutrition is using and has used POWERHOUSE, which is the subject of United States Trademark Registration No. 1,337,259, in interstate commerce without the consent of Plaintiffs.

70.     Defendant Powerhouse Nutrition's use of POWERHOUSE is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of Defendant Powerhouse Nutrition's goods or as to Defendant Powerhouse Nutrition's affiliation, connection, approval, or association with Plaintiffs.

71.     Defendant Powerhouse Nutrition's actions constitute trademark infringement in violation of Section 32(a) of the Lanham Act, 15.U.S.C. §1114(a).

18

72.     Defendant Powerhouse Nutrition's trademark infringement has caused and will continue to cause Plaintiffs to suffer damage to their businesses, reputations, goodwill, profits, and the strength of their trademarks, and is causing ongoing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

73.     Upon information and belief, Defendant Powerhouse Nutrition's infringement of Plaintiffs' Trademark No. 1,337,259 is willful and deliberate.

## COUNT VI

### Federal Trademark Infringement
### Under Section 32(a) Of The Lanham Act, 15 U.S.C. §1114(a)

74.      Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 73 of this Complaint as if fully set forth herein.

75.     Defendant Powerhouse Nutrition is using and has used POWERHOUSE, which is the subject of United States Trademark Registration No. 4,391,669, in interstate commerce without the consent of Plaintiffs.

76.     Defendant Powerhouse Nutrition's use of POWERHOUSE is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of Defendant Powerhouse Nutrition's goods or as to Defendant Powerhouse Nutrition's affiliation, connection, approval, or association with Plaintiffs.

77.     Defendant Powerhouse Nutrition's actions constitute trademark infringement in violation of Section 32(a) of the Lanham Act, 15.U.S.C. §1114(a).

78.     Defendant Powerhouse Nutrition's trademark infringement has caused and will continue to cause Plaintiffs to suffer damage to their businesses, reputations, goodwill, profits, and the strength of their trademarks, and is causing ongoing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

79.     Upon information and belief, Defendant Powerhouse Nutrition's infringement of Plaintiffs' Trademark No. 4,391,669 is willful and deliberate.

## COUNT VII

### Federal Trademark Infringement
### Under Section 32(a) Of The Lanham Act, 15 U.S.C. §1114(a)

80.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 79 of this Complaint as if fully set forth herein.

81.     Defendant Powerhouse Nutrition is using and has used the following logo, in interstate commerce without the consent of Plaintiffs:



which is confusingly similar to United States Trademark Registration No. 1,841,902.

82.    Defendant Powerhouse Nutrition's use of the immediately-above logo is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of Defendant Powerhouse Nutrition's goods or as to Defendant Powerhouse Nutrition's affiliation, connection, approval, or association with Plaintiffs.

83.    Defendant Powerhouse Nutrition's actions constitute trademark infringement in violation of Section 32(a) of the Lanham Act, 15.U.S.C. §1114(a).

84.    Defendant Powerhouse Nutrition's trademark infringement has caused and will continue to cause Plaintiffs to suffer damage to their businesses, reputations, goodwill, profits, and the strength of their trademarks, and is causing ongoing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

85.    Upon information and belief, Defendant Powerhouse Nutrition's infringement of Plaintiffs' Trademark No. 1,841,902 is willful and deliberate.

## COUNT VIII

### Federal Trademark Infringement
### Under Section 32(a) Of The Lanham Act, 15 U.S.C. §1114(a)

86.    Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 85 of this Complaint as if fully set forth herein.

87.    Defendant Powerhouse Nutrition is using and has used POWERHOUSE, which is the subject of United States Trademark Registration No. 2,971,891, in interstate commerce without the consent of Plaintiffs.

88.    Defendant Powerhouse Nutrition's use of POWERHOUSE is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of Defendant Powerhouse Nutrition's goods or as to Defendant Powerhouse Nutrition's affiliation, connection, approval, or association with Plaintiffs.

89.    Defendant Powerhouse Nutrition's actions constitute trademark infringement in violation of Section 32(a) of the Lanham Act, 15.U.S.C. §1114(a).

90.    Defendant Powerhouse Nutrition's trademark infringement has caused and will continue to cause Plaintiffs to suffer damage to their businesses, reputations, goodwill, profits, and the strength of their trademarks, and is causing ongoing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

91.    Upon information and belief, Defendant Powerhouse Nutrition's infringement of Plaintiffs' Trademark No. 2,971,891 is willful and deliberate.

## COUNT IX

### Federal Unfair Competition, False Designation Of Origin, False Representation, And False Advertising Under Section 43(a) Of The Lanham Act, 15 U.S.C. §1125(a)

92.    Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 91 of this Complaint as if fully set forth herein.

93.    Defendant Powerhouse Nutrition is using and has used POWERHOUSE in interstate commerce without the consent of Plaintiffs.

94.    Defendant Powerhouse Nutrition's use of POWERHOUSE is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of Defendant Powerhouse Nutrition's goods or as to Defendant Powerhouse Nutrition's affiliation, connection, approval, or association with Plaintiffs.

95.    Defendant Powerhouse Nutrition's actions constitute unfair competition, false designation of origin, false representation, and false advertising in connection with products and services distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

96.    Defendant Powerhouse Nutrition's unfair competition has caused and will continue to cause Plaintiffs to suffer damages to their businesses, reputations, goodwill, profits, and the strength of their trademarks, and is causing ongoing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

97.     Upon information and belief, Defendant Powerhouse Nutrition's actions constituting unfair competition, false designation of origin, false representation, and false advertising are willful and deliberate.

## COUNT X

### Federal Unfair Competition, False Designation Of Origin, False Representation, And False Advertising Under Section 43(a) Of The Lanham Act, 15 U.S.C. §1125(a)

98.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 97 of this Complaint as if fully set forth herein.

99.     Defendant Powerhouse Nutrition is using and has used POWERHOUSE NUTRITION in interstate commerce without the consent of Plaintiffs.

100.    Defendant Powerhouse Nutrition's use of POWERHOUSE NUTRITION is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of Defendant Powerhouse Nutrition's goods or as to Defendant Powerhouse Nutrition's affiliation, connection, approval, or association with Plaintiffs.

101.    Defendant Powerhouse Nutrition's actions constitute unfair competition, false designation of origin, false representation, and false advertising in connection with products and services distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

102.   Defendant Powerhouse Nutrition's unfair competition has caused and will continue to cause Plaintiffs to suffer damages to their businesses, reputations, goodwill, profits, and the strength of their trademarks, and is causing ongoing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

103.   Upon information and belief, Defendant Powerhouse Nutrition's actions constituting unfair competition, false designation of origin, false representation, and false advertising are willful and deliberate.

## COUNT XI

### Trademark Dilution Under The Lanham Act, 15 U.S.C. §1125(c)

104.   Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 though 103 of this Complaint as if fully set forth herein.

105.   The POWERHOUSE marks used and owned by Plaintiffs constitute "famous marks."

106.   Some of the POWERHOUSE marks used and owned by Plaintiffs have been used for over forty (40) years.

107.   The POWERHOUSE marks are extensively marketed, both in the markets in which Plaintiffs directly operate or license use, and nationally with a substantial internet presence.

108.   Plaintiffs have spent significant time, energy, and resources in developing the POWERHOUSE marks that it uses and owns.

109. The POWERHOUSE NUTRITION words used by Defendant Powerhouse Nutrition is identical to Plaintiffs' POWERHOUSE NUTRITION mark.

110. The past and ongoing actions of Defendant Powerhouse Nutrition in using the POWERHOUSE marks are likely to tarnish the image of the POWERHOUSE marks by causing unfavorable impressions on visitors to the Defendant Powerhouse Nutrition's brick-and-mortar store and on browsers of Defendant Powerhouse Nutrition's website and Instagram account.

111. The past and ongoing actions of Defendant Powerhouse Nutrition, as set forth in this Complaint, have diluted the Plaintiffs' POWERHOUSE marks and caused Plaintiffs damages as set forth herein.

## COUNT XII

### Trademark Dilution Under The Lanham Act, 15 U.S.C. §1125(c)

112. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 though 111 of this Complaint as if fully set forth herein.

113. The POWERHOUSE marks used and owned by Plaintiffs constitute "famous marks."

114. Some of the POWERHOUSE marks used and owned by Plaintiffs have been used for over forty (40) years.

26

115.   The POWERHOUSE marks are extensively marketed, both in the markets in which Plaintiffs directly operate or license use, and nationally with a substantial internet presence.

116.   Plaintiffs have spent significant time, energy, and resources in developing the POWERHOUSE marks that it uses and owns.

117.   The POWERHOUSE word used by Defendant Powerhouse Nutrition is identical to Plaintiffs' POWERHOUSE marks.

118.   The past and ongoing actions of Defendant Powerhouse Nutrition in using the POWERHOUSE marks are likely to tarnish the image of the POWERHOUSE marks by causing unfavorable impressions on visitors to the Defendant Powerhouse Nutrition's brick-and-mortar store and on browsers of Defendant Powerhouse Nutrition's website and Instagram account.

119.   The past and ongoing actions of Defendant Powerhouse Nutrition, as set forth in this Complaint, have diluted the Plaintiffs' POWERHOUSE marks and caused Plaintiffs damages as set forth herein.

## COUNT XIII

**Common Law Trademark Infringement And Unfair Competition**

120.   Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 119 of this Complaint as if fully set forth herein.

121. Defendant Powerhouse Nutrition has used and continues to use POWERHOUSE and POWERHOUSE NUTRITION to promote, market, or sell products or services in the State of Michigan.

122. Defendant Powerhouse Nutrition's use of POWERHOUSE and POWERHOUSE NUTRITION is likely to cause confusion, to cause mistake, and/or to deceive as to the source of origin of Defendant Powerhouse Nutrition's goods or services.

123. Defendant Powerhouse Nutrition's actions in the State of Michigan constitute trademark infringement and unfair competition under the Common Law of Michigan.

124. Plaintiffs have been irreparably injured, and will continue to be irreparably injured unless the conduct of Defendant Powerhouse Nutrition in that State of Michigan is preliminarily and permanently enjoined.

125. Upon information and belief, Defendant Powerhouse Nutrition undertook the adoption of POWERHOUSE and POWERHOUSE NUTRITION willfully or with reckless intention of trading upon the goodwill of Plaintiffs.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiffs Powerhouse Marks, LLC and Powerhouse Licensing, LLC respectfully requests that this Honorable Court:

A.     Preliminarily and permanently enjoin Defendant Powerhouse Nutrition, its agents, servants, employees, privies, successors, and assigns, and all claiming any rights through it, from manufacturing, marketing, or selling products or providing services constituting trademark infringement or unfair competition against Plaintiffs and from being engaged in other activities constituting trademark infringement or unfair competition against Plaintiffs;

B.     Order Defendant Powerhouse Nutrition to recall and surrender for destruction all products, advertisements, and other materials and uses constituting trademark infringement or unfair competition against Plaintiffs' rights;

C.     Award Plaintiffs compensatory and exemplary damages under 15 U.S.C. § 1117 for the Counts stated herein, including income and profits Plaintiffs lost and may lose in the future as a result of Defendant Powerhouse Nutrition's unlawful activities including trademark infringement and unfair competition, together with any costs, and for a sum up to three times the amount found as damages;

D.     Award Plaintiffs the profits of Defendant Powerhouse Nutrition under 15 U.S.C. §1117 for Defendant Powerhouse Nutrition's trademark infringement

29

and unfair competition and other violations of the Lanham Act, to be adjusted for such sum as the Court shall find to be just;

      E.    Award Plaintiffs any additional damages, including statutory damages, exemplary damages, and/or punitive damages, to which it is entitled for Defendant Powerhouse Nutrition's trademark infringement and unfair competition;

      F.    Declare this case exceptional under 15 U.S.C. §1117;

      G.    Award Plaintiffs their costs and reasonable attorneys' fees under 15 U.S.C. §1117; and

      H.    Grant Plaintiffs any and such other further relief that the Court deems just and equitable.

Respectfully submitted,

by /s/Richard W. Hoffmann
RICHARD W. HOFFMANN (P42352)
COREY M. BEAUBIEN (P70049)
SHANNON K. SMITH (P78358)
Reising Ethington P.C.
755 West Big Beaver Road, Suite 1850
Troy, Michigan  48084
Telephone:  248.689.3500
Facsimile:  248.689.4071
Email:     hoffmann@reising.com
           beaubien@reising.com
           smith@reising.com

*Attorneys for Plaintiffs Powerhouse Marks, LLC and Powerhouse Licensing, LLC*

Date:  October 31, 2016

## <u>JURY DEMAND</u>

Plaintiffs Powerhouse Marks, LLC and Powerhouse Licensing, LLC, hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

by /s/Richard W. Hoffmann
RICHARD W. HOFFMANN (P42352)
COREY M. BEAUBIEN (P70049)
SHANNON K. SMITH (P78358)
Reising Ethington P.C.
755 West Big Beaver Road, Suite 1850
Troy, Michigan 48084
Telephone: 248.689.3500
Facsimile: 248.689.4071
Email:      hoffmann@reising.com
            beaubien@reising.com
            smith@reising.com

*Attorneys for Plaintiffs Powerhouse Marks, LLC and Powerhouse Licensing, LLC*

Date: October 31, 2016